STATE OF IOWA, Appellee, v. C. R. MOORE, Appellant.

No. 40285.

March 11, 1930.

Rehearing Denied June 23, 1930.

H. S. Life, for appellant.

John Fletcher, Attorney-general, and Blanchard W. Preston, County Attorney, for appellee.

Evans, J.—The defendant was charged by county attorney's information with the crime of bootlegging, as defined in Section 1927 of the Code of 1927. Pertinent evidence was introduced in support of the charge, and the defendant was convicted thereunder. Complaint here is directed to Instruction No. 5 given by the court. By this instruction the court, in appropriate terms, submitted the charge of the information. By the same instruction it submitted also the question of whether the defendant was guilty of maintaining a nuisance. This particular feature of the instruction was doubtless an inadvertence. It was no less an error on that account. The State contends that, inasmuch as there was no evidence of the maintenance of the nuisance, and no charge to that effect, this feature of the instruction was nonprejudicial. We have always held that the submission of an issue to the jury that has no support in the evidence is prejudicial error. It carries to the jury an implication of the existence of such evidence, and tends to divert the consideration of the jury from the material to the immaterial.

It is also contended by the State that the elements of the crime of bootlegging, as defined by Section 1927, are so similar to the elements of the crime of nuisance, as defined in Sections 1924, 1929, and 1930, that the language of the instruction can be deemed to apply to the crime charged herein. The language in the instruction under attack is to the effect that the defendant could be found guilty of the crime charged "if he *kept the same* [*intoxicating liquor*] *in some place* for the purpose of selling the same."

Under Section 1927, a bootlegger is defined in part as one who shall "keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquor," etc. The point urged is that "*leaving* liquor in any place for another to secure," and the "keeping" of intoxicating liquor in some place with intent to sell, amount to the same thing. It is manifestly true that these two statutory offenses have common elements, and that they closely approach identity. But the legislative intent was to define separate offenses. We have sustained them as separate offenses, on the ground that they are capable of the very differentiation which is thus challenged by the argument. If such differentiation be not tenable, then these sections of the statute could not be regarded as defining separate offenses. In such event, conviction under one would bar prosecution under the other. Clearly, therefore, the distinction must be recognized if the validity of each section is to be sustained. It was error, therefore, to reduce these two offenses to the same definition and to put both in issue under the same charge.

The judgment is reversed, and a new trial awarded.—*Reversed*.

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.